UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUMAZOU,<br><br>Plaintiff,<br><br>-against-<br><br>HUMANEDGE, Inc.,<br><br>Defendant. | No. 26-cv-7696<br><br>**ORDER** |
| DEASE et al.,<br><br>Plaintiffs,<br><br>-against-<br><br>HUMANEDGE, Inc.,<br><br>Defendant. | No. 26-cv-07768 |
| LI,<br><br>Plaintiff,<br><br>-against-<br><br>HUMANEDGE, Inc.,<br><br>Defendant. | No. 26-cv-07890 |
| STERN,<br><br>Plaintiff,<br><br>-against- | No. 26-cv-7954 |

| | |
|---|---|
| HUMANEDGE, Inc.,<br><br>Defendant. | |
| BUCHANAN,<br><br>Plaintiff,<br><br>-against-<br><br>HUMANEDGE, Inc.,<br><br>Defendant. | No. 26-cv-07959 |
| BESSENT,<br><br>Plaintiff,<br><br>-against-<br><br>HUMANEDGE, Inc.,<br><br>Defendant. | No. 26-cv-08002 |
| MCRAE,<br><br>Plaintiff,<br><br>-against-<br><br>HUMANEDGE, Inc.,<br><br>Defendant. | No. 26-cv-08128 |

NELSON S. ROMÁN, United States District Judge:

This matter is before the Court on Plaintiff's Motions in the above-captioned actions to consolidate the actions and appoint interim class counsel.[1] (ECF Nos. 14 and 16.)

The above-captioned actions arise from the same cyber incident. (ECF No. 15.) All Plaintiffs in the above-captioned actions consent to consolidation. (*Id.*) Having reviewed the Motion to Consolidate and supporting Memorandum, the Court finds that consolidation of the actions is appropriate pursuant to Federal Rule of Civil Procedure 42(a). (ECF No. 14 and 15.)

Plaintiffs also move to appoint interim class counsel, with the support of Plaintiffs in all above-captioned actions. (ECF No. 16, 17.) The Court finds that early identification and appointment of interim class counsel is in the best interests of the parties and of judicial economy. Such appointment will establish a clear leadership structure on the Plaintiffs' side, will allow Defendant and Defendant's counsel clear direction with respect to Plaintiffs' counsels' authority to negotiate and enter into stipulations, confer with respect to deadlines and other issues, and agree to Court required discovery plans. Furthermore, such interim appointment will ensure that the members of the putative Classes are adequately protected up to and until the Court's final determination on whether or not to certify the Class.

The Court being fully advised and for good cause shown, the Motions are hereby **GRANTED**.

Accordingly, the Court **ORDERS** as follows:

The above-captioned actions shall be **CONSOLIDATED** for all purposes into the *Toumazou* action, which is the lowest numbered case. All future pleadings, motions, briefs, and other papers shall be filed in the *Toumazou* action, No. 7: 26-cv-7696 which shall hereinafter be a

[1] Docket citations refer to the earliest-filed case, *Toumazou v. HumanEdge,Inc.* 26-cv-7696.

Consolidated Action. The Court further orders a stay in the *Dease*, *Li*, *Stern*, *Buchanan*, *Bessent* and *McRae* actions.

a) Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the forgoing shall be construed as a waiver of Defendant's right to object to consolidation of any subsequently-filed or transferred related action; and

b) Plaintiffs' consolidated class action complaint shall be filed by January 6, 2027.

c) Defendant shall answer or otherwise respond to the consolidated class action complaint by February 22, 2027.

**IT IS FURTHER ORDERED** that: Courtney Maccarone of Kopelowitz Ostrow P.A., Gregory Haroutunian of Emery Reddy, PC, Marc H. Edelson of Edelson Lechtzin LLP, and Raina C. Borrelli of Strauss Borrelli PLLC are appointed as Interim Co-Lead Counsel for all Plaintiffs. Interim Co-Lead Counsel must assume responsibility for the following duties during all phases of this litigation:

a) Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

b) Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d) Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e) Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

f) Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

g) Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h) Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

i) Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

j) Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

k) Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l) Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

m) Encouraging and enforcing efficiency among all Plaintiffs' counsel;

n) Assessing Plaintiffs' counsel for the costs of the litigation;

o) Preparing and distributing periodic status reports to the Court and to the parties as ordered;

p) Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Co-Lead Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and,

q) Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

Dated: November 13, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge